[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The trial of this matter commenced before this court on September 12, 1990 and concluded on September 18, 1990.
Immediately prior to the conclusion of the trial the parties submitted to the court a written agreement regarding the custody of the minor child issue of this marriage, Christopher Marinaccio, born June 27, 1988. The court approved the agreement after clarifying a few points on the record and the agreement, which is on file, was made an order of the court.
The court further found that the parties were married on April 25, 1986 at New Haven, Connecticut; that the court had jurisdiction; and that the marriage had broken down irretrievably. Accordingly, the marriage was dissolved and the plaintiff wife's maiden name of Ruggiero was restored.
In addition, the court has taken into consideration all of the criteria of 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes, and further orders as follows:
1. The jointly owned real property owned by the parties and located at 609-611 Whalley Avenue, New Haven, Connecticut, shall continue to be owned by the parties as tenants in common, subject to the following conditions:
 (a) Account #19-010666 at the New Haven Savings Bank standing in the name of Joseph Marinaccio, Jr. and having a balance of $3,607.57, shall be placed in the names of both parties and the signature of both parties shall be required for withdrawals.
 (b) All rents collected from this date forward shall be deposited in said account. (c) From said account the parties shall pay the water bills, the electric bills for common areas, the sewer usage charges and the casualty and liability insurance premiums. In addition, they shall pay such other bills or expenses as they mutually agree upon.
(d) When the property is disposed of either by sale or CT Page 2356 foreclosure any balance remaining in said account shall be divided 75% to the plaintiff wife and 25% to the defendant husband.
 (e) Account #05-063816 at the New Haven Savings Bank which contains tenants' security deposits shall not be used for any purpose other than to return to the tenants any amounts they are entitled to by law. If any sums remain after all such sums have been paid, they shall be divided equally between the plaintiff wife and the defendant husband.
2. The defendant husband shall pay to the plaintiff wife the I sum of $100.00 per week as support for the minor child, until such, child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding.
3. The defendant husband shall continue to maintain his presently existing health insurance for the benefit of the minor child. In addition, all uninsured medical and dental expenses incurred on behalf of the minor child shall be paid equally by the plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expense for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to 46b-84 (c) of the Conn. General Statutes.
4. The defendant husband shall, at the option of the plaintiff wife, continue to maintain his presently existing health insurance for the benefit of the plaintiff wife, for so long as he is permitted to do so under the terms of the underlying policies, and/or pursuant to any state or federal law: provided, however, that any additional premium occasioned thereby shall be paid by the plaintiff wife.
5. The defendant husband shall pay to the plaintiff wife the sum of $1.00 per year as periodic alimony until the death of the defendant husband, the death or remarriage of the plaintiff wife, or July 1, 1955, whichever event shall first occur.
6. All sums in account #71-8001039-07 at People's Bank standing in the name of Joseph Marinaccio, Custodian for Christopher T. Marinaccio, shall be the sole and exclusive property of the plaintiff wife.
7. The fees of Philip Ball for the appraisal of the real property and court testimony in the total amount of $550.00 shall be paid one-half by the plaintiff wife and one-half by the defendant husband. The same shall be paid within thirty days of the date hereof. CT Page 2357
 8. The balance of the fee due to Attorney Daniel Adelman, the attorney for the minor child, in the amount of $3,000.00, shall be payable as follows:
 (a) The sum of $275.00 shall be paid by the plaintiff wife in accordance with the pendente lite agreement of the parties, and
 (b) The balance of $2725.00 shall be paid equally by the plaintiff wife and the defendant husband. The same shall be paid in full within sixty days from the date hereof.
9. The defendant husband shall continue in full force and effect the life insurance policy on his life, in the face amount of $25,000.00, as shown on his financial affidavit dated September 12, 1990, and shall name the minor child as beneficiary thereof until such child reaches the age of majority or is sooner emancipated.
10. Each party has submitted to the court a list of personal property that they wish to have distributed to them. The parties shall own as their sole and exclusive property all items on their lists or currently in their possession, except as follows:
 (a) The following shall be the sole and exclusive property of the defendant husband.
(1) the living room sectional;
(2) the coffee tables;
(3) the fish tank and all equipment;
(4) the microwave and stand;
 (5) the big dresser from the bedroom set. (b) The following shall be the sole and exclusive property of the plaintiff wife:
(1) the Electrolux vacuum cleaner;
(2) the Minolta camera;
(3) the kitchen set.
 (c) The following shall be divided equally between the plaintiff wife and the defendant husband:
 (1) the everyday dinner service, flatware and glasses.
(2) the China, crystal and silver.
11. The balance due to Dr. Dorr shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom.
12. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on September 12, 1990 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
13. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on September 12, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
14. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
Frederick A. Freedmen, Judge CT Page 2358